[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10050
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00471-CV-D-N

BELINDA G. WEBB,

Plaintiff-Appellant,

versus

MICHAEL B. DONLEY,
Secretary of the Air Force,
Department of the Air Force,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 14, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Belinda G. Webb, through counsel, seeks review of the district court's grant of summary judgment to her former employer, the U.S. Air Force, which she sued pursuant to the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*[1]  Webb, who suffers from Fibromyalgia and Myofascial Pain Syndrome, alleged the Air Force discriminated against her by failing to accommodate her disability by allowing her to work on a modified schedule.  On appeal, Webb argues the district court erred in finding that she had not raised a genuine issue of material fact with regard to whether a modified schedule was a reasonable accommodation that would have allowed her to fulfill the essential requirements of her position.

We review a district court's grant of summary judgment *de novo*, applying the same standards that were to be applied in the district court.  *Lippert v. Cmty. Bank, Inc.*, 438 F.3d 1275, 1278 (11th Cir. 2006).  Summary judgment is proper under Rule 56(c), Fed. R. Civ. P., when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *Celotex v. Catrett*, 106 S. Ct. 2548, 2552 (1986).

In a discrimination case, the complainant carries the initial burden of

---

[1] In her complaint, Webb cited only the Americans with Disabilities Act (the ADA), 42 U.S.C. § 12101, *et seq.*  However, because Webb was a federal employee, she was not covered under the ADA.  *See* 42 U.S.C. § 12111(5)(B)(i).  Nevertheless, she would have been covered under the Rehabilitation Act, which is governed by the same standards as the ADA.  *Sutton v. Lader*, 185 F.3d 1203, 1208 n.5 (11th Cir. 1999).  Because the Air Force did not raise this issue before the district court, it is not discussed further in this opinion.

establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817, 1824 (1973). The burden then shifts to the employer to offer a "legitimate, nondiscriminatory reason" for its decision. *Id.* If it does so, the burden shifts back to the complainant to show that the employer's proffered reason was pretextual. *Id.* at 1825. In the absence of direct evidence of discrimination, the burden-shifting analysis applies to claims under the Rehabilitation Act. *See Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001) (holding the burden-shifting analysis applies to claims under the ADA); *see also Sutton*, 185 F.3d at 1208 n.5 (holding the standards that govern the ADA also apply to the Rehabilitation Act).

To establish a *prima facie* case of discrimination, a plaintiff must show (1) she has a disability, (2) she is a qualified individual, and (3) the defendant unlawfully discriminated against her because of the disability. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226 (11th Cir. 2005). A qualified individual is one with a disability who, "with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m). "Determining whether a particular job duty is an essential function involves a factual inquiry to be conducted on a case-by-case basis." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1258 (11th Cir. 2001); *see also* 29 C.F.R.

3

§ 1630.2(n)(3). In certain situations, daily attendance may be an essential function of a position, but it is not always an essential function. *See Jackson v. Veterans Admin.*, 22 F.3d 277, 279 (11th Cir. 1994) ("Unlike other jobs that can be performed off site or deferred until a later day, the tasks of a housekeeping aide by their very nature must be performed daily at a specific location.").

Reasonable accommodation means "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). We have held "prior accommodations do not make an accommodation reasonable." *Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003). Part-time or modified work schedules may be reasonable accommodations. 42 U.S.C. § 12111(9)(B). However, an employer is not required to reallocate job duties to change the functions of a job. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000). Thus, a request to arrive at work at any time, without reprimand, is not a reasonable accommodation because it would change the essential functions of a job that requires punctual attendance. *Id.* In order to determine an appropriate reasonable accommodation, an informal, interactive process with the disabled individual *may* be necessary. 29 C.F.R. § 1630.2(o)(3) (emphasis added).

However, if the employee does not identify a reasonable accommodation, the employer does not have to enter into an interactive dialogue or show undue hardship. *Earl*, 207 F.3d at 1367.

Here, the Air Force presented evidence that a modified schedule was unreasonable because presence at the work site was an essential function of Webb's position and allowing her to work a modified schedule would have changed the essential functions of the job. Although the Air Force previously had allowed Webb to work a modified schedule, the fact that an employer previously has granted a requested accommodation does not render that accommodation reasonable. *See Wood*, 323 F.3d at 1314. Because Webb did not produce any evidence showing that she would be able to complete her job functions while working the modified schedule, she did not raise a genuine issue of material fact with regard to whether the modified schedule was a reasonable accommodation. Accordingly, the district court correctly granted summary judgment to the Air Force.

**AFFIRMED.**

5